IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

RICHARD MICHAEL SIMKANIN          §

VS.                               §          CIVIL ACTION NO. 5:09cv74

KEITH ROY                         §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Richard Michael Simkanin, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se,* brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner complains that prison staff are using disciplinary procedures to harass him and force him to provide them with his authorization for the FBI to enter his DNA information into its data base against his will.

On January 14, 2009, petitioner was ordered to provide a fingerprint to authorize the use of his DNA against his will. Petitioner refused.  As a result, petitioner was placed in the Segregated Housing Unit (SHU) and given a disciplinary case for refusing to obey an order.  Petitioner was subsequently found guilty of refusing to obey an order and received the following punishment:  a loss of phone privileges for two weeks.  Petitioner claims he appealed the decision of the Disciplinary Hearing Officer and the appeal is still pending.

On May 21, 2009, petitioner was again ordered to provide his fingerprint for his DNA sample.  Petitioner again refused.  As a result, petitioner was given another disciplinary case.  Petitioner was subsequently found guilty of interfering with a staff member in the performance of duties.  Petitioner lost seven days statutory good time.  Petitioner states this appeal is pending before the Regional Office in Dallas, Texas.[1]

On June 2, 2009, petitioner contends he was not allowed to leave to a halfway house as scheduled.  Instead, petitioner contends he was again requested to provide a fingerprint for his

---

[1] Petitioner filed a motion for temporary restraining order on June 22, 2009 in which he provided information concerning the second and third disciplinary convictions.

DNA sample.  Petitioner again refused.  Petitioner was directed to submit his fingerprints for his DNA sample.  Petitioner again refused.  Petitioner contends a disciplinary hearing is now pending regarding this matter.

The above-described routine was repeated on June 8, 2009 and June 15, 2009.  Petitioner claims a disciplinary hearing is pending for these incidents as well.

<u>Analysis</u>

Prior to asserting claims in federal district courts, federal prisoners must initially attempt to resolve their claims with the Bureau of Prisons (BOP) through the available administrative channels.  *See e.g.*, *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ("[E]xhaustion of administrative remedies is a prerequisite to filing a section 2241 petition . . . ."); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner . . . file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons.").  As the Supreme Court has noted, "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 112 S.Ct. 1081, 1086 (1992).

The Federal Bureau of Prisons, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 5423.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP's Administrative Remedy Procedure.

Petitioner failed to exhaust the prison's Administrative Remedy Procedure with regard to the claims presented in this petition prior to filing the petition. With respect to the disciplinary convictions he has received, petitioner asserts that his appeals are pending. In this case, petitioner has not provided the Bureau of Prisons with an adequate opportunity to review his claims. Thus, the petition should be dismissed without prejudice to allow petitioner to exhaust his administrative remedies.

*Nature of Action*

A civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). On the other hand, the writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed,2d 439 (1973). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures affecting "conditions" of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Here, petitioner's claims of harassment, extortion, and conspiracy and loss of phone privileges do not contest the fact or duration of his confinement. Such claims contest the conditions of his confinement. A civil rights action is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir.

1987); *Preiser*, 411 U.S. at 498, 93 S.Ct. at 1840-41. Thus, petitioner must pursue his claims by filing a *Bivens*-type action.[2]

In this case, it would not further the interests of justice to construe petitioner's petition as asserting a claim pursuant to *Bivens*. Allowing petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $350.00 filing fee applicable to civil rights actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. Further, petitioner asserts he has not exhausted administrative remedies concerning the claims. Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to petitioner's ability to pursue such claims by filing a separate *Bivens* action.

<u>Recommendation</u>

The above-styled petition for writ of habeas corpus should be dismissed without prejudice.

<u>Objections</u>

Within ten (10) days after being served with a copy of the magistrate judge's report, any party may serve and file written

---

[2] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED** this ___29___ day of ___June_____, 2009.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE